**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BI RONG LI,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General;<br>JENNY ANNE DURKAN, U.S.Attorney<br>for the Western District of Washington;<br>RONALD C MACHEN, U.S. Attorney for<br>the District of Columbia,<br><br>    Defendants - Appellees. | No. 12-35216<br><br>D.C. No. 2:11-cv-00150-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted October 8, 2013[**]
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bi Rong Li petitioned for judicial review of an order upholding the denial of her application for a U nonimmigrant visa. The district court granted the defendants' cross-motion for summary judgment, concluding that Li's failure to submit a Form I-918, Supplement B certification with her visa application made her ineligible for the visa. Li appeals, and we review de novo the district court's ruling on the parties' cross-motions for summary judgment. *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), *cert. denied*, 133 S. Ct. 423 (2012). We affirm.

On review and on appeal, Li concedes that she did not file a Form I-918, Supplement B certification. She argues, however, that the form should not have been required because the Supplement B requirement is contrary to Congress's intent in enacting the Victims of Trafficking and Violence Protection Act of 2000 ("VTVPA"), under which the U nonimmigrant visa classification was established. Specifically, she asserts that the "broad and liberal" wording of the VTVPA, which, among other things, requires that the applicant must have "been helpful, is being helpful, or is likely to be helpful to [law enforcement or local authorities] investigating or prosecuting [qualifying] criminal activity," 8 U.S.C. § 1101(a)(15)(U)(i)(III), makes the certification requirement contrary to the VTVPA's text and purpose. Alternatively, Li argues that even though she did not

2

submit the certification, she nonetheless complied with the statutory requirement because simply by submitting her U visa application she was putting the government on notice of qualifying criminal conduct and therefore was "being helpful" to law enforcement in a future investigation.

Li's arguments ignore the unambiguous text of 8 U.S.C. § 1184(p)(1), which sets forth an additional requirement for U nonimmigrant visa applications. That subsection states that the application "*shall contain a certification* from [law enforcement or local authorities] investigating [the qualifying] criminal activity." *Id.* (emphasis added). In light of that text, which makes clear that some form of certification is required, we reject Li's argument that the Supplement B requirement is contrary to Congress's intent. *See Perlman v. Catapult Entm't, Inc. (In re Catapult Entm't, Inc.)*, 165 F.3d 747, 753-54 (9th Cir. 1999) (citing *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 808 n.3 (1989)) (noting that the Court need not turn to other evidence of Congress's intent when the statute's text is unambiguous). We likewise reject Li's alternative argument, because it assumes that no certification is required by law.

**AFFIRMED.**